IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY AARON,<br><br>    Petitioner,<br><br>  v.<br><br>R.K. WONG, Warden,<br><br>    Respondent. | No. C 10-0466 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus challenging the denial of parole pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and petitioner filed a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

In 1982, petitioner was convicted of first-degree murder in Alameda County Superior Court, and he was sentenced to a term of twenty-five years to life plus ten years in state prison. In 2008, the California Board of Parole Hearings ("Board) found petitioner unsuitable for parole. Petitioner challenged this decision in habeas petitions filed in all three levels of the California courts. After the state petitions were denied, petitioner filed the instant federal petition.

## ANALYSIS

As grounds for federal habeas relief, petitioner asserts that his right to due process was violated because: (1) the denial of parole was not based on "some evidence" of his unsuitability; (2) the denial of parole was not based on an individualized consideration of the criteria for parole as it applied to petitioner; and (3) there was not "some evidence" that should not be paroled for three more years.

The United States Supreme Court has recently held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution entitles a California prisoner to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 862 (2011). Specifically, the Due Process Clause only entitles a California prisoner to an opportunity to be heard and a statement of the reasons why parole was denied. *Ibid.* The parole hearing transcript makes it clear that petitioner received an opportunity to be heard and a statement of the reasons parole was denied. The Constitution does not require more. *Ibid.* The court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Ibid.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863. In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, petitioner's claims that there was not "some evidence" to support the denial of parole for three years are without merit. Furthermore, as the Due Process Clause requires nothing more than an opportunity to be heard and a statement of the reasons why parole was denied, and the transcript of the parole hearing indicates that petitioner received both of these procedural protections, his claim that he did not receive individualized consideration is also without merit.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which

1  the petition is denied. Petitioner has failed to make a substantial showing that his claims
2  amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would
3  find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484
4  (2000). Consequently, no certificate of appealability is warranted in this case.
5  The clerk shall enter judgment and close the file.
6  **IT IS SO ORDERED.**

7  Dated: March \_\_11\_\_, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\AARON466.RUL.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ANTHONY AARON,

    Plaintiff,

v.

R.K. WONG et al,

    Defendant.
    _____/

Case Number: CV10-00466 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 14, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jennifer Gwen Ross
Department of Justice, Office of the Attorney General
Correctional Writs and Appeals Section
455 Golden Gate Ave.
San Francisco, CA 94102

Michael A. Aaron
C-80246
San Quentin State Prison
San Quentin, CA 94974

Dated: March 14, 2011

    Richard W. Wieking, Clerk

    By: Brenda Tolbert, Deputy Clerk